IN THE SUPREME COURT OF THE STATE OF NEVADA

EDUARDO CAMACHO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81029

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge. Appellant Eduardo Camacho argues that the district court erred in denying his petition as procedurally barred. We affirm.[1]

Camacho's postconviction habeas petition was untimely because it was filed 11 years after remittitur issued on direct appeal. *See* NRS 34.726(1); *Camacho v. State*, Docket No. 49150 (Order Affirming in Part, Vacating in Part, and Remanding, July 14, 2008). Camacho's petition was also successive because he had previously filed several postconviction habeas petitions and an abuse of the writ because he asserted claims that had been raised in a prior petition. *See* NRS 34.810(2); *Camacho v. Warden*, Docket No. 63354 (Order of Affirmance, September 17, 2014); *Camacho v. Warden*, Docket No. 55401 (Order of Affirmance, April 6, 2011). Thus, Camacho's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

20-41508

Camacho does not argue that he has good cause to excuse the procedural bars. Rather, Camacho argues that the procedural bars should be excused because he is actually innocent. Actual innocence requires Camacho to show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), and that he is factually innocent, *see Bousley v. United States*, 523 U.S. 614, 623 (1998). Camacho did not identify any new evidence but instead disputes the sufficiency of the evidence presented at trial. *Cf. Brown v. McDaniel*, 130 Nev. 565, 576, 331 P.3d 867, 875 (2014) (distinguishing actual innocence and insufficient evidence claims). We therefore conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Having considered Camacho's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Lynne K. Simons, District Judge
     Eduardo Camacho
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk